**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SECURITIES AND EXCHANGE
COMMISSION

                 Plaintiff,

   vs.

JOEL J. NATARIO and
JEFFERSON SCOTT (a/k/a "PATCH")
BAKER

                 Defendants.

Case No.:   2:25-cv-00895-JCM-EJY

## DEFENDANT JOEL NATARIO'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

      Defendant Joel J. Natario ("Natario"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 7, hereby files his Answer and Affirmative Defenses to the Securities and Exchange Commission's ("Commission") Complaint, dated May 21, 2025:

### JURISDICTION AND VENUE

    1.     Admitted that this Court has subject matter jurisdiction.

    2.     Denied.

    3.     Admitted that venue is proper in this district as to Natario. Denied that Natario engaged in any transactions, practices, or courses of conduct constituting violations of federal securities laws.

    4.     Denied.

### SUMMARY

    5.     Denied.

    6.     Denied.

    7.     Denied.

8.    Denied as to Natario. Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph concerning Baker.

9.    Denied as to Natario. Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph concerning Baker.

10.    Denied.

11.    Denied as to Natario.

12.    Denied as to Natario.

13.    Denied.

14.    Denied that the Commission is entitled to the relief sought against Natario.

## THE DEFENDANTS

15.    Natario admits that he is 54 years old.  Natario denies the allegation that he lacked a fixed address.  Natario denies that he resided in Las Vegas, Nevada, at the time of the alleged securities law violations, as he was not knowingly involved in any such violations.  Natario admits that Creative Foam Shapes was a closely held company based in Las Vegas, Nevada.  Natario denies that his association with the company was connected in any way to the conduct alleged in the Complaint.  Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the cessation of Creative Foam Shapes' operations in 2021 or the revocation of the company's corporate charter in 2022.

16.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in this paragraph concerning Baker.

## FACTS

I.    **DEFENDANTS MEET AND CREATE THE MERCHANT CASH ADVANCE VENTURE**

17.    Denied, except Natario admits that he has attended some meetings of the Board of Advisors, a private networking group.

18.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the structure, membership fees or operations of the Board of Advisors.

19.    Denied.

20.    Denied.

21.    Denied.

## II.    DEFENDANTS' FRAUDULENT SCHEME

22.    Denied as to Natario.

### A.    The MCA Purchase Agreements.

23.    Denied as to Natario.

24.    Denied as to Natario.

25.    Denied, except as to the extent that documents referred to in this paragraph speak for themselves.

26.    Denied as to Natario, except the written documents referenced in this paragraph speak for themselves.

27.    Denied as to Natario, except the "MCA Purchase Agreements" referenced in this paragraph speak for themselves. Natario denies that he acquired Creative Foam Shapes, Inc. in December 2019.

28.    The documents referred to as "MCA Purchase Agreements" referenced in the complaint speak for themselves. Natario denies that he had links with an entity called "Creative Financing, Inc.," and he is, therefore, without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "Creative Financing, Inc." was a fictitious company name and that it was never incorporated or registered in Nevada or any other state or jurisdiction.

29.    Denied, except to the extent that the documents referenced in the complaint as "MCA Purchase Agreements" speak for themselves.

30.    Denied as to Natario.

31.    Denied as to Natario.

**B.      The MCA Purchase Agreements.**

32.      Denied as to Natario, except the bank account records referenced in this paragraph speak for themselves.

33.      Denied as to Natario.

34.      Denied.

35.      The account records referenced in this paragraph speak for themselves. Natario denies that he wired "ostensible interest payments"; denies that he "raised" said amount of money from investors, and denies that he made the referenced "returns of capital".

36.      Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's actions; except Natario denies making "Ponzi payments".

37.      Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's actions.

38.      Denied.

39.      Denied.

**C.      The Flowallet Investor Portal.**

40.      Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's actions; except Natario denies providing information for the stated purpose.

41.      Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's actions described in this paragraph.

42.      Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's actions described in this paragraph.

43.      Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's actions described in this paragraph.

44.      Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the Flowallet portal and the screenshot referenced therein.

45.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's representations to investors.  Natario denies that he knew, or was reckless in not knowing, that there were insufficient funds available to cover alleged investors' "Total" amounts of principal and accrued interest.

46.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's statements to Investor B, Investor B's understanding of the Flowallet portal, or Investor B's investment decisions.

47.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's statements to investors or his text message communications.

48.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning investor withdrawal requests submitted through Flowallet or the display of such requests on the Flowallet portal.

49.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's use of the Flowallet portal to process investor withdrawal requests. Natario denies that he authorized wire transfers in connection with a fraudulent scheme.

50.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the information displayed on the Flowallet portal.

**D.     Additional Material Misrepresentations and Deceptive Acts.**

51.     Denied as to Natario.

52.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's actions.

53.     Denied as to Natario.

        *i.      Investor A*

54.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's actions. Natario denies any material misrepresentations to alleged investors in the MCA Purchase Agreements.

55.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's actions.

56.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's actions.

57.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's actions.

58.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's actions.

59.    Denied as to Natario, except the bank account records mentioned in this paragraph speak for themselves as to the amounts referenced.

60.    Denied.

ii.    *Investor B*

61.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's actions.

62.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's statements to Investor B. Natario denies that he was Baker's "partner".

63.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's representations to Investor B.

64.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's personal investments, his use of a HELOC, or his knowledge regarding MCA loans.

65.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's alleged misrepresentations or their intended effect on purported "investors".

66.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Investor B's reliance on Baker's "misrepresentations".

Natario denies any "investment" of $954,000 in the "MCA venture" between March 1 and October 6, 2020.

67.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Investor B's execution of an MCA Purchase Agreement. The MCA Purchase Agreement referenced in this paragraph otherwise speaks for itself.

68.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Investor B's bank account or any wire transfer he initiated. The bank account records referenced in this paragraph speak for themselves as to the amount referenced.

69.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Section 4(C) of the referenced March 1, 2020 MCA Purchase Agreement. The MCA Purchase Agreement speaks for itself. Natario is likewise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the alleged wire payments to Investor B. The bank account records referenced speak for themselves as to the amounts referenced.

70.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Investor B's execution of an MCA Purchase Agreement. Natario denies any $160,000 "investment" in the "MCA venture". The agreement speaks for itself as for Natario's purported signature.

71.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's alleged encouragement of Investor B, Investor B's understanding or reliance, or his use of a HELOC. Natario denies any "investment" or "subsequent investment in the MCA venture".

72.    Denied.

        iii.    *Investor C*

73.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's alleged solicitation of Investor C.

74.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's alleged communications with Investor C.

75.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's alleged statements to Investor C.

76.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's knowledge or recklessness. Natario denies that he made, knew of, or was reckless in not knowing of any false or misleading statements, and denies that he failed to undertake the process of obtaining or selling collateral in the event of an MCA loan recipient defaulting.

77.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's alleged statements to Investor C.

78.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Investor C's beliefs or reliance on Baker's alleged statements.

79.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Investor C's discussions with Baker. Natario denies any "investment" of $150,000.

80.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Investor C's questions or Baker's alleged responses regarding paperwork.

81.     Denied.

82.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's Skype communications with Investor C or Investor C's brother; or that Baker knew, or was reckless in not knowing that there were "no upcoming MCA deals".

83.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Investor C's Skype communications with Baker.

84.     Denied.

85.    Denied.

86.    Denied.

*iv.    Investor D*

87.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's alleged solicitation of Investor D.

88.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's alleged meetings or communications with Investor D.

89.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's alleged statements to Investor D.

90.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's provision of any MCA Purchase Agreement to Investor D.

91.    Natario denies any "investment" of $25,000 in mid-February 2020. Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Investor D's conversations with Baker or the impact of such purported conversations of Investor D's decisions.

92.    Denied.

93.    Denied.

94.    Denied.

*v.    Investor E*

95.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's alleged solicitation of Investor E.

96.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's alleged statements to Investor E. Natario denies that he was Baker's "business partner."

97.    Denied.

98.     Denied, except that Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the specific allegations concerning Investor E's requests to Baker or Baker's alleged responses.

vi.     *Investor F*

99.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's alleged solicitation of MCA investments totaling approximately $390,000 from another Board of Advisors member residing in Florida, in early November 2020.

100.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's alleged statements to Investor F.

101.     Denied.

102.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's alleged statements to Investor F or Baker's personal finances.

103.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Investor F's conversations with other Board of Advisors' members or those members' understanding of the "money they were making".

104.     Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Investor F's conversations with Board of Advisors members or Baker's alleged representations, verbal or written. Natario is also without knowledge or information sufficient to form a belief as to whether Investor F made multiple "investments" totaling approximately $390,000. Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the impact of Baker's alleged representations in Investor F's decisions.

105.     Natario denes "investments" by Investor F. Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the MCA Purchase Agreements allegedly signed by Investor F, his IRA signatory, or Baker.

106.     The bank account records referenced in this paragraph speak for themselves.

1      107.    Denied as to Natario.

2      **E.    Defendants Continue to Deceive Investors and the Scheme Collapses.**

3      108.    Denied.

4      109.    Natario is without knowledge or information sufficient to form a belief as to the

5    truth or falsity of the allegations concerning investors' attempts to access Flowallet.

6      110.    Denied as to Natario.

7      111.    Natario lacks knowledge or information sufficient to form a belief as to the truth or

8    falsity of the allegations regarding statements by Baker in a Skype conversation with Investor C.

9      112.    Denied.

10     113.    Denied as to Natario.

11     114.    Denied as to Natario. Natario lacks knowledge or information sufficient to form a

12   belief as to the truth or falsity of the allegations regarding alleged statements from Baker to

13   Investor G.

14     115.    Denied.

15     116.    The balances of the referenced bank accounts speak for themselves.

16     117.    Natario is without knowledge or information sufficient to form a belief as to the

17   truth or falsity of the allegations concerning investors' alleged attempts to contact Baker. Natario

18   denies that any "investors" contacted him to inquire about investment proceeds or withdrawal

19   requests, and consequently denies that he failed to respond to such communications.

20     118.    Denied.

21     119.    Denied as to Natario.

22     120.    Natario is without knowledge or information sufficient to form a belief as to the

23   truth or falsity of the allegations concerning Baker's alleged statements to investors about the

24   status of the CFS Checking Account.

25     121.    Natario is without knowledge or information sufficient to form a belief as to the

26   truth or falsity of the allegations concerning Baker's alleged statements to Investor C about a

27   purported withdrawal request.

28

122.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Investor C's alleged Skype messages to Baker or Baker's alleged responses.

123.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's alleged communications or lack of communications with investors.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied as to Natario, except that the filings in *Roka Solo 401k Trust, et al. v. Natario*, Case No. 22-CA-003326, referenced in this paragraph, speak for themselves.

132.    Denied as to Natario, except that the Consent Judgment and Final Order referenced in this paragraph speak for themselves. Natario further denies the SEC's characterization of the settlement agreement and the ability of plaintiffs to collect.

### III.    DEFENDANTS OFFERED AND SOLD THE MCA INVESTMENTS AS SECURITIES

133.    Denied.

134.    The allegations of this paragraph call for a legal conclusion to which no response is required. To the extent a response is deemed required, they are denied.

135.    Denied.

136.    Denied.

137.    Denied.

/ / /

/ / /

**IV.    DEFENDANTS MISAPPROPRIATED INVESTOR FUNDS AND ENRICHED THEMSELVES**

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied as to the characterization of Natario's actions described in this paragraph, except the bank records of the accounts referenced in this paragraph speak for themselves.

145.    Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of Baker's alleged contentions concerning business arrangements or evidence thereof.

146.    Denied, except to the extent that the bank account records referenced in this paragraph speak for themselves. Natario is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Baker's knowledge or intent.

147.    Denied.

**V.    DEFENDANTS' TOLLING AGREEMENTS WITH THE SED**

148.    Natario admits that he entered into tolling agreements with the SEC, including agreements covering the period between February 1, 2025 and June 1, 2025.

**CLAIMS FOR RELIEF**

**CLAIM I**

**Violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]**
**(Against Both Defendants)**

149.    Natario restates his admissions and denials as set forth in Paragraphs 1 through 149 of the Complaint.

150.    Denied as to Natario.

151.    Denied as to Natario.

## CLAIM II

**Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78(b)] and Rule 10b-5
Thereunder [17 C.F.R. § 240.10b-5]
(Against Both Defendants)**

152.     Natario restates his admissions and denials as set forth in Paragraphs 1 through 149 of the Complaint.

153.     Denied as to Natario.

154.     Denied as to Natario.

## PRAYER FOR RELIEF

155.     Natario denies that the SEC is entitled to any relief set forth in this section.

## AFFIRMATIVE DEFENSES

Natario asserts the following affirmative defense and reserves the right to amend his answer and affirmative defenses based upon information obtained in the course of litigation:

### FIRST AFFIRMATIVE DEFENSE

### The "MCA Agreements" Do Not Constitute Securities

The MCA Purchase Agreements are not securities under the Securities Act or Exchange Act.  They are short-term commercial financing contracts, not "investment contracts" under *Howey*.  If proven, investors would have purchased discrete asset interests; and their returns would have been tied to the performance of those underlying assets, not to the managerial efforts of others.  Consequently, these transactions would fall outside the purview of the Securities Act and the Exchange Act.

### SECOND AFFIRMATIVE DEFENSE

### Lack of Scienter

Natario did not act with scienter.  He relied in good faith on Baker's representations and reputation.  At most, he would have acted negligently.  Natario's limited role was to provide banking infrastructure for what he understood to be a legitimate business, the details of which were unknown to him.  He did not solicit investors, craft the offering materials, or possess the expertise to know the enterprise was a "fiction".  His actions are akin to those of a misled businessman, and he is far away from being the mastermind behind a scheme to defraud investors.  Negligence

Page 14 of 17

cannot support liability under Section 17(a) of the Securities Act or Rule 10b-5 of the Exchange Act.

## THIRD AFFIRMATIVE DEFENSE

### Lack of Ill-Gotten Gains

Defendant asserts that he did not personally benefit in any unjust or improper manner from the conduct alleged. To the extent any investor funds were received, they were maintained subject to restrictions on withdrawal. Any limited amounts received constituted legitimate compensation and not ill-gotten gains. Accordingly, Defendant did not realize any significant personal enrichment, and disgorgement or similar equitable relief is unwarranted.

## FOURTH AFFIRMATIVE DEFENSE

### Authorization in Use of Account

Natario denies that his access to a Creative Foam Shapes, Inc. bank account constitutes knowing or fraudulent control of "investor funds." Any use of that account was undertaken with proper authorization. Deposits and withdrawals were conducted transparently and in accordance with company practices. Accordingly, Defendant's actions were not unauthorized, concealed, or part of any fraudulent scheme.

## GENERAL DENIAL AND RESERVATION OF RIGHTS

To the extent the Complaint contains any allegations not specifically admitted, denied, or otherwise responded to herein, Defendant denies such allegations. Defendant further reserves the right to amend or supplement this Answer and to assert additional defenses as may become appropriate based on discovery, further investigation, or orders of the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>JURY DEMAND</u>**

Natario hereby requests a trial by jury on all claims and defenses in this action.

Dated this 24th day of September 2025.

Respectfully submitted:

***/s/ Alejandro O. Soto***
Alejandro O. Soto  (FL. Bar No. 172847)
**FRIDMAN FELS & SOTO, PLLC**
150 Alhambra Circle, Suite 715
Coral Gables, FL 33134
Telephone:  (305) 569-7707
asoto@ffslawfirm.com

James A. Beckstrom, Esq.
Nevada Bar No. 14032
**BECKSTROM & BECKSTROM, LLP**
400 S. 4th Street, Suite 650
Las Vegas, NV 89101
Telephone:  (725) 300-0599
jb@beckstromlaw.com

*Attorneys for Defendant Joel J. Natario*

1

## <u>CERTIFICATE OF SERVICE</u>

2        I HEREBY CERTIFY that the foregoing has been filed via the Court's CM/ECF system,

3   which will send an electronic copy of the foregoing and a notice of filing same to all counsel of

4   record, on this 24th day of September, 2025.

5

6                                        /s/      *Alejandro O. Soto*
                                         Alejandro O. Soto, Esq.
7                                        Florida Bar No. 0172847

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28