Nicholas C. Margida
VA Bar No. 73176
Securities and Exchange Commission
100 F Street, N.E.
Washington DC 20549-6121
Email: MargidaN@sec.gov
Telephone: (202) 551-8504
*Counsel for Plaintiff*
*Securities and Exchange Commission*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> JOEL J. NATARIO and JEFFERSON SCOTT (a/k/a "PATCH") BAKER, <br><br> Defendants. | Case No. 2:25-cv-00895-JCM-EJY <br><br> **STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER** |

THIS MATTER is before the Court on the request of the parties for entry of a stipulated protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

WHEREAS, the parties in this action (collectively, the "Parties" and each individually, a "Party") are engaged in discovery proceedings that will include, among other things, the production of documents and taking of depositions that may reveal sensitive personally identifiable information about individuals that should be protected from further disclosure or use and other confidential information; and

WHEREAS, the Parties desire to protecting the confidentiality of such information;

FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all persons with actual notice of

this Order will adhere to the following terms:

1. **Scope**. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. Each Party agrees to take care to limit any confidentiality designation to specific material (or portions of material) that qualifies under the appropriate standards. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation**. A Party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents.

3. **Documents That May Be Designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."** Any Party may designate documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly

2

available.  Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

4. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall not be applied to, and the restrictions and obligations set forth in this Protective Order shall not apply to, any information or document that: (i) is already public knowledge or otherwise in the public domain; or (ii) has become public knowledge or enters the public domain other than as a result of disclosure by a receiving Party, its employees or agents in violation of this Protective Order.

5. **Depositions**.  Deposition testimony shall be deemed "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only if designated as such on the record or in writing within 30 days after a deposition has concluded or ten days after notice from the court reporter that the transcript has been prepared, whichever is later.  Before the expiration of the period for designation, the entire deposition transcript (including any exhibits) shall be deemed "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" unless otherwise agreed. Confidentiality designations shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  Thereafter, any portions of the deposition transcripts or exhibits so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order. Any confidential documents used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages and videotape of the deposition testimony dealing with such documents.  Counsel for the Party that produced the confidential document(s) shall have the right to exclude from oral depositions, other than the deponent and deponent's counsel, any person who is not authorized by this Order to receive or access such documents.  Such right of exclusion shall be applicable only during periods of examination or

testimony regarding such documents.

6.      **Protection of Confidential Material**.

a.      **General Protections**.  Subject to the exceptions provided in paragraph 15 documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in paragraph 6(b) for any purpose whatsoever other than in connection with the prosecution or defense of this action.

b.      **Limited Third-Party Disclosures.**  The Parties and counsel for the Parties shall not disclose or permit the disclosure of any "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" documents to any third person or entity except as set forth in subparagraphs (i)-(ix) or as permitted by paragraph 15.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER":

i.      **Counsel.**  Counsel for the Parties and employees and agents of counsel who have responsibility for the preparation and trial of this action;

ii.      **Parties.**  Parties and employees of a Party to this Order;

iii.      **Former Employees.**  Former employees of a Party, to the extent the individual received, sent or otherwise was made aware of the contents of the document or other material while employed by the Party;

iv.      **Court Reporters and Recorders.**  Court personnel, court reporters and recorders engaged for depositions in this action, any persons necessary to assist the Court in its function, and the jury;

v.      **Consultants, Investigators and Experts.**  Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding, but only after such persons have executed a Declaration of Confidentiality in the

4

form attached hereto as Exhibit A;

          vi.      **Witnesses and Potential Witnesses.**  Other persons (and their counsel) who counsel for a Party in good faith believes may be called at a deposition, hearing, or trial in this action, provided such person has completed the Declaration of Confidentiality contained in Exhibit A;

          vii.      **Service Providers.**  Outside photocopying providers, graphic production service providers, litigation support services, translators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary;

          viii.      **Mediators.**  Mediators or other individuals engaged or consulted in settlement of this action; and

          ix.      **Others by Consent.**  Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the Declaration of Confidentiality in the form attached hereto as Exhibit A.

        c.      **Control of Documents.**  Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Order.

        d.      **Copies.**  Prior to production to another Party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the designation does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of

the confidential information contained in those documents.

e. **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by Federal Rule of Evidence 502. The Parties shall make a good-faith effort to designate documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" properly and with the appropriate classification at the time of production. However, inadvertent or unintentional disclosure by any Party of documents without the appropriate designation shall not be deemed a waiver of a Party's right to so designate either a specific document or any information contained therein. If a producing Party discovers that confidential documents it produced were not designated as such, the producing Party may notify all other Parties of the error and identify the affected information or items and their new designation. Thereafter, the Parties shall treat such document or information as confidential. After providing such notice, the producing Party shall provide re-labeled copies of the document(s). If a producing Party inadvertently discloses to a receiving Party documents or items that are asserted to be privileged or otherwise immune from discovery, it must notify the receiving Party in writing in a time period that is reasonable under the circumstances; and such written notice must identify the privileged or protected documents by Bates number range, the privilege or protection claimed, and the basis for the assertion of the privilege. In the event that any part of the document(s) is within the scope of discovery and does not contain privileged or protected information (as determined by the producing Party), the producing Party shall provide to the receiving Party a redacted copy of the relevant document(s) that omits the information the producing Party believes is subject to a claim of privilege or other protection. After receiving such written notification, the receiving Party must promptly return, sequester, or destroy the specified privileged or protected documents and/or information and any copies, along with any notes, abstracts, or compilations of the content thereof. In the event of such inadvertent disclosure of documents or information over which a producing Party asserts a claim of privilege or other protection, no Party to this action shall thereafter assert that such disclosure waived any privilege or immunity, provided that the producing Party demonstrates that: (i) the disclosure

6

was inadvertent; (ii) the producing Party acted promptly upon discovering the inadvertent disclosure; and (iii) the inadvertence occurred despite reasonable precautions to prevent inadvertent disclosure.  Nothing herein shall be construed to prevent the Party returning the inadvertently disclosed material from seeking production of any documents in accordance with the Federal Rules of Civil Procedure or the Local Civil Rules, provided that, once the producing Party makes the requisite showing set forth hereinabove, the returning Party does not assert waiver of the privilege or immunity on the basis of the inadvertent production.

7.    **Non-Parties**.  In the event that a Party seeks discovery from a non-Party to this suit, the non-Party may invoke the terms of this Order in writing to all Parties to this suit with respect to any confidential documents provided to the requesting Party by the non-Party.

8.    **Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents.**  Without written permission from the producing Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Unless otherwise ordered, a Party seeking to file a producing Party's confidential information shall so advise the producing Party seven (7) days in advance specifying the precise portion of the information the Party seeks to use, the general purpose thereof and any redactions to which the Party does not object.  Within three (3) days thereafter, the producing Party whose confidential information is sought to be used may make an application to seal in accordance with this paragraph and Paragraph 1 of this Order, indicating the portion or portions of the information it seeks to have sealed.  A Party that seeks to file under seal any confidential documents must comply with Rule 5.2 of the Federal Rules of Civil Procedure and Local Rule IA 10-5, as applicable.  Confidential documents may only be filed under seal pursuant to Court order authorizing the sealing of the specific confidential information at issue.  In the event the Court has not ruled on such application by a filing deadline, the Parties agree to file a redacted

version of the confidential documents pending a ruling by the Court.

9. **Challenges by a Party to Designation as Confidential.** Any "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation is subject to challenge by any Party or non-Party with standing to object. Before filing any motions or objections to a confidentiality designation with the Court, the objecting Party shall have an obligation to meet and confer with the designating Party in a good faith effort to resolve the objection by agreement. If agreement is reached waiving the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation as to any documents subject to the objection, the designating Party shall serve on all Parties a notice specifying the documents and the nature of the agreement.

10. **Action by the Court.** Applications to the Court for an order relating to any documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be by motion under Local Civil Rule 7-2 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to issue any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

11. **Use of Confidential Documents or Information at Hearing or Trial.** Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any Party during any hearing or trial held in this action. If a Party intends to present at any hearing or trial "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" documents or information derived therefrom, such Party shall provide reasonable advance notice to the other Party by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.). The documents then may be presented in open court at any hearing or trial unless the Party who received such notice obtains an order from the Court preventing such use.

12. **Obligations on Conclusion of Litigation.**

a. **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b. **Return of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the Parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

13. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Civil Rule 26-6 and the presiding judge's standing orders or other relevant orders.

14. **Limited Protection.** Documents not designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," but that were produced by any person or entity to the SEC, bearing the language "Requests That These Documents Be Accorded Confidential Treatment" or "Confidential Treatment Requested By," shall not be used by any Defendant other than for purposes of litigating this case. Such documents are not, however, subject to the other restrictions imposed upon those documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Notwithstanding, to the extent any such documents were produced to the SEC via subpoena or otherwise outside of the scope of discovery in this action by any former employee of any Party, who received and retained such document or other material while employed by a Party, then the Party may designate said materials in the same manner as Confidential materials that may be labeled "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" as otherwise provided herein, and such material shall be treated as otherwise specified herein for materials designated as such.

9

15.   **Disclosures Required by Law or Permitted by SEC Form 1662.**
Notwithstanding any other provisions contained herein, this Order does not limit or restrict the Plaintiff SEC from using or disclosing any materials to the extent otherwise required by law or permitted pursuant to the terms of SEC Form 1662, including disclosing any materials for the purpose of enforcement of any criminal law pursuant to subpoena, court order, or otherwise required by law.

16.   **Personally Identifiable Information (PII).**  The term "Personally Identifiable Information" or, as used herein, "PII" shall mean an individual's social security number or taxpayer identification number (other than the last four digits thereof), an individual's birth date (other than the year of the individual's birth), the name of an individual known to be a minor (other than just the minor's initials), and a financial account number (other than the last four digits thereof) regardless of whether such information has been designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  With regard to PII that any Party has obtained in this case through production of documents, other discovery, or otherwise under Federal Rule of Civil Procedure 26(a), that Party will not disclose or use such PII other than for purposes of litigating this case, subject to the following exceptions:

a.   The Order shall not limit or restrict the Plaintiff SEC from using or disclosing PII to the extent otherwise required by law or permitted pursuant to the terms of SEC Form 1662.

b.   The Order shall not apply to PII that any Party obtained or obtains independently of materials produced or provided to it in this case.

c.   The Order shall not limit or restrict the ability to file PII in this case, or present, disclose or use PII at trial, depositions, hearings or other proceedings in this case.

d.   The Order shall not alter the Parties' obligations to comply with the

10

requirement of Federal Rule of Civil Procedure 5.2(a) and (b), regarding the filing of materials containing PII.

17.    **No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the Parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18.    **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED:**

_____
Hon. Elayna J. Youchah
**UNITED STATES MAGISTRATE JUDGE**


Dated: February 5, 2026

**DATED:**  ___February 5, 2026_____

*Stipulated and Agreed To*:

| | |
|---|---|
| /s/ Nicholas C. Margida | /s/ Alejandro O. Soto |
| Nicholas C. Margida | Alejandro O. Soto (*Pro Hac Vice*) |
| Securities and Exchange Commission | Fridman Fels & Soto PLLC |
| 100 F. Street, N.E. | 150 Alhambra Circle, Suite 715 |
| Washington, DC 20549 | Coral Gables, FL 33134 |
| Email: MargidaN@sec.gov | Email: ASoto@ffslawfirm.com |
| Telephone: (202) 551-8504 | Telephone: (305) 569-7707 |
| *Counsel for Plaintiff* | *Counsel for Defendant* |
| *Securities and Exchange Commission* | *Joel J. Natario* |

/s/ Bart K. Larsen
Bart K. Larsen
Shea Larsen PC
1731 Village Center Circle, Ste. 150
Las Vegas, NV 89134
Email: blarsen@shea.law
Telephone: (702) 362-7800
*Counsel for Defendant*
*Jefferson Scott Baker*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

    vs.

JOEL J. NATARIO and
JEFFERSON SCOTT (a/k/a "PATCH")
BAKER,

        Defendants.

Case No. 2:25-cv-00895-JCM-EJY

## <u>DECLARATION OF CONFIDENTIALITY</u>

I hereby acknowledge that I am to receive, or have received, documents or information

pursuant to the terms of a Protective Order ("Order") entered in the above-captioned case.

I acknowledge receipt of a copy of the Order and certify that I have read it.  I agree to be

bound by the terms and restrictions set forth in the Order.

I agree to submit to the jurisdiction of the United States District Court for the District of

Nevada with respect to any proceedings relating to or arising from this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

                        _____
                        (Signature)

                        _____
                        (Printed Name)

                        _____
                        (Date)