Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN PC**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: blarsen@shea.law
kwyant@shea.law

Alex Lipman, Esq. (*Pro Hac Vice Granted*)
New York Bar No. 02487395
**LIPMAN LAW PLLC**
147 West 25th Street
12th Floor
New York, New York 10001
Telephone: (212) 401-0070
Email: alexlipman@lipmanpllc.com

*Attorneys for Defendant Jefferson Scott Baker*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>JOEL J. NATARIO and JEFFERSON SCOTT (a/k/a "PATCH") BAKER,<br><br>Defendants. | Case No: 2:25-cv-00895<br><br>**UNOPPOSED MOTION TO EXTEND DISCOVERY DEADLINES**<br><br>**(SECOND REQUEST TO EXTEND DISCOVERY DEADLINES – FIRST REQUEST DONE BY STIPULATION AT ECF NO. 33)** |

Defendant Jefferson Scott (a/k/a "Patch") Baker ("Baker"), through his undersigned counsel, and pursuant to LR 26-3, LR 26-6. and LR IA 6-1, hereby requests that the Court grant Baker's unopposed request to extend the unexpired discovery deadlines set forth in the *Stipulation and Order to Extend Discovery Deadlines (First Request)* [ECF No. 33] (the "Current Discovery Deadline Order") by forty-five (45) days. This motion is unopposed based on the representations of counsel for the Securities and Exchange Commission ("SEC") and Joel J. Natario ("Natario"), who are the only other parties to this action and is brough in good faith

and not for any dilatory purposes, and is supported by good cause as set forth herein.

**DECLARATION OF ALEX LIPMAN, ESQ. PURSUANT TO LR 26-6**

I, Alex Lipman, Esq., pursuant to LR 26-6, declare as follows:

1. I am the manager of Lipman Law PLLC, lead counsel for Defendant Jefferson Scott (a/k/a "Patch") Baker in this matter.

2. The Court previously entered a *Stipulated Discovery Plan and Scheduling Order* [ECF No. 27] (the "Scheduling Order") in which this Court set certain deadlines relating to discovery milestones.

3. Subsequently, the parties to this action, through their respective counsel, entered into a *Stipulation and Order to Extend Discovery Deadlines (First Request)* [ECF No. 33] (the "Current Discovery Deadline Order"), which extended the deadlines set forth in the Scheduling Order by approximately ninety days and setting the discovery cutoff date in this matter for August 7, 2026.

4. While discovery has progressed in this matter, certain events have made it impossible to meet the current discovery cutoff date of August 7, 2026, including, but not limited to, (1) a nonparty, Salem Five Bank, despite being properly served with a subpoena in this action on or about April 10, 2026, has only produced documents pursuant to the Subpoena on July 20, 2026, which require review; (2) Baker is still locating potentially responsive documents to discovery requests that may be in the hands of third parties; and (3) I have been unable to schedule certain depositions of witnesses in this matter (including Raj Jana (in part because Salem Bank records are relevant to his potential testimony) and Callan Stein).

5. While I reached out to Raj Jana's attorney even before Salem Bank made its production, I have not yet heard back. Callan Stein has informed me that he will make himself available, but we will need to coordinate scheduling for the deposition. Additionally, other legal professionals may need to be deposed.

6. Based on these reasons, on or about July 20, 2026, I had a telephonic meet and confer with counsel for Plaintiff SEC asking to extend the unexpired deadlines in this matter for

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

approximately sixty (60) days. However, Plaintiff SEC's counsel advised they would not agree to more than a forty-five (45) day extension.

7. Counsel for the SEC indicated that they do not oppose the forty-five (45) day extension request and advised that I draft a motion to extend the discovery deadlines no later than 1 p.m. ET on July 22, 2026. A true and correct copy of the email memorializing this discussion is attached hereto as **Exhibit 1**.

8. Subsequently, I reached out to counsel for Defendant Joel J. Natario via email in a meet-and-confer effort to determine if said counsel had any objection to the proposed forty-five (45) day request. Counsel for Defendant Joel J. Natario indicated he had "no objection". A true and correct copy of this email exchange is attached hereto as **Exhibit 2**.

9. Thus, the request to extend the discovery deadlines is unopposed but has been brought via this discovery motion and thus this declaration is being provided with respect to LR 26-6, and the parties did meet and confer prior to the filing of this unopposed Motion.

10. This Motion is brought in good faith and not for any dilatory purposes, and the request for the second extension of the discovery deadlines in this matter is based on good cause as is shown herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 22nd day of July 2026.

/s/ *Alex Lipman, Esq.*
ALEX LIPMAN, ESQ.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. LR 26-3 REQUIREMENTS**

**A. Statement of Completed Discovery**

The following discovery has taken place:

1. On December 10, 2025, the Parties held an initial case conference as required by

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

Fed. R. Civ. P. 26(f).

2. On December 18, 2025, the Parties filed their Stipulated Discovery Plan, which led to entry of the Scheduling Order and related deadlines therein which this Stipulation seeks to extend.

3. On January 9, 2026, all Parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26.

4. On January 15, 2026, the SEC served its first set of Requests for Production, pursuant to Fed. R. Civ. P. 34, on Natario and Baker, respectively.

5. On February 5, 2026, the SEC produced approximately 560 documents from its pre-lawsuit investigation of this matter (the "Investigation"), which the SEC identified previously on their Rule 26 initial disclosures.

6. On February 5, 2026, the Parties filed their Stipulated Protective Order regarding documents to be disclosed in this matter.

7. On February 17, 2026, Baker filed his responses and objections to the SEC's first set of Requests for Production.

8. On February 27, 2026, Natario filed his responses and objections to the SEC's first set of Requests for Production.

9. On March 10, 2026, the SEC produced 463 additional documents comprised of the SEC's third-party correspondence with non-parties during its Investigation.

10. On March 18, 2026, SEC counsel and Baker's counsel had a meet-and-confer videoconference regarding outstanding discovery and document production issues. These discussions remain ongoing.

11. On March 19, 2026, the SEC served its first set of Interrogatories, pursuant to Fed. R. Civ. P. 33, on Natario and Baker, respectively.

12. Between March 9, 2026 and March 23, 2026, the SEC served four subpoenas for documents upon third parties pursuant to Fed. R. Civ. P. 45.

13. Between March 25 and 27, 2026, the Parties discussed, by email, extending all

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

pending deadlines in this matter, and agreed to a fact discovery cut-off of August 7, 2026.

14. On April 2, 2026, Baker provided notice of his intent to issue subpoenas on various nonparties, including Salem Five Bank, Wells Fargo Bank, Nevada State Bank, Navy Federal Credit Union, and Bank of America.

15. Baker subsequently caused those subpoenas to be served on said nonparties through the services of a third party.

16. On April 10, 2026, the SEC provided its privilege log.

17. On April 15, 2026, Baker's counsel provided correspondence regarding Baker's attempts to locate additional documentation.

18. On May 4, 2026, the SEC served its First Set of Requests for Admission on Baker.

19. On May 4, 2026, Baker served his First Set of Interrogatories to the SEC.

20. On May 4, 2026, Baker served his First Set of Requests for Production to the SEC.

21. On May 4, 2026, Baker served his First Set of Interrogatories to the Natario.

22. On May 4, 2026, Baker served his First Set of Requests for Production to the Natario.

23. On May 5, 2026, the SEC served its First Set of Requests for Admission on Natario.

24. On May 6, 2026, the SEC sent Natario's responses to the SEC's interrogatories.

25. On May 6, 2026, the SEC noticed the Deposition of Andrzej Bogusz.

26. On May 11, 2026, Baker served his First Supplemental Disclosures pursuant to Fed. R. Civ. P. 26, which contained numerous responses from subpoenaed parties.

27. On May 14, 2026, Baker served his Second Supplemental Disclosures pursuant to Fed. R. Civ. P. 26.

28. On May 15, 2026, the parties attended the deposition of Daniel Stewart.

29. On May 18, 2026, the SEC noticed the Deposition of Carrie Charles.

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

30. On May 21, 2026, the SEC noticed a Rule 45 Subpoena Duces Tecum for the National Personnel Records Center.

31. On May 21, 2026, the SEC noticed a Rule 45 Subpoena Duces Tecum for the American First Credit Union.

32. On June 3, 2026, Natario's counsel asked for additional time to respond to Baker's written discovery requests.

33. On June 3, 2026, Baker's counsel served Baker's responses to the SEC's First Set of Requests for Admission.

34. On June 4, 2026, the parties attended the deposition of Andrzej Bogusz.

35. On June 4, 2026, the SEC served its responses to Baker's First Set of Requests for Production.

36. On June 8, 2026, the parties attended the deposition of Carrie Charles.

37. On June 17, 2026, Natario served his responses to Baker's first set of requests for production.

38. On June 18, 2026, the SEC served its responses to Baker's First Set of Interrogatories.

39. On June 22, 2026, Natario served his responses to the SEC's first set of requests for admission.

40. On June 24, 2026, Natario served his responses to Baker's first set of interrogatories.

41. On June 30, 2026, the SEC served a declaration and related exhibits of R.J. Palano.

42. On July 1, 2026, the SEC served notice of its intent to serve a subpoena duces tecum on American Express.

43. On July 16, 2026, the SEC served a declaration and related exhibits for John Dwyer, Adil Harchaoui, and Jason Medley.

44. On July 20, 2026, the parties discussed extending the currently existing discovery

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

deadlines by approximately 45 days.

45. On July 20, 2026, after following up with Salem Five Bank, Baker's undersigned counsel received Salem Five Bank's subpoena response.

46. On July 21, 2026, Baker served his third supplemental disclosures pursuant to Fed. R. Civ. P. 26.

**B. Remaining Discovery to be Completed**

The Parties stipulate and agree that the following discovery still needs to be completed:

1. Baker intends to serve third party subpoenas for documents on the Board of Advisors, LLC.

2. Baker intends to take multiple depositions, including, but not limited to, the depositions of Raj Jana and Callan Stein.

3. Baker intends to look for additional documentation for production from third parties or other sources.

**C. The Reasons Why Additional Time is Required**

Additional time is required in order to complete the remaining discovery identified in Section B above.

Thus far in discovery, the Parties have produced over 50,000 pages of documents. This information is being reviewed diligently to ensure what areas for discovery still need to be pursued via document and/or deposition discovery. Further, Baker has only received production from various nonparties, including Salem Five Bank, in mid-July 2026. Baker needs time to review these additional documents, and then schedule depositions regarding the information contained therein.

Additionally, the schedules and nonresponsive of third parties who Baker seeks to depose has contributed to the need to extend the current deadlines. Although requested to Raj Jana's counsel, Baker's counsel has not yet heard back regarding the scheduling of a deposition of Raj Jana. Further, Baker intends to depose Callan Stein, as well as potentially other legal professionals with relevant information. Baker requests additional time to conduct these

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

depositions within the discovery period. Baker also is seeking additional documentation for production, but has been unsuccessful in locating the same, and requests additional time to potentially subpoena nonparties for such information.

Pursuant to LR 26-3, Baker asserts that the foregoing constitutes good cause for the requested forty-five (45) day extension. "Good cause is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *See, e.g.*, *Wagers v. Robinson Nev. Mining Co.*, 3:25-cv-00055-mmd-clb, 2025 U.S. Dist. LEXIS 66501, *1 (D. Nev. Apr. 8, 2025). "Requests for extensions of time made before the applicable deadline has passed should normally…be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)). Here, Baker is only seeking to move unexpired deadlines a modest forty-five (45) days. Further, there will be no prejudice asserted by any other party in this matter as they have all indicated that they do not oppose the current request and Motion. Thus, good cause exists and the Court should extend the current deadlines as set forth below.

**D. Proposed Schedule for Remaining Deadlines**

Based on the foregoing, the Parties assert that good cause exists to extend the current discovery deadlines as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact Discovery Cut-Off | August 7, 2026 | September 25, 2026[1] |
| Dispositive Motion Deadline | September 25, 2026 | November 13, 2026 |
| Joint Pretrial Order | October 26, 2026 | December 17, 2026 |

No other deadlines, other than the deadlines listed above, are sought to be extended by the Parties. Further, the Parties acknowledge and agree that there is no trial date currently set in this matter, and thus there is no risk of delaying any set trial date at this time.

///

///

[1] These deadlines are slightly beyond 45 days to allow for the deadlines to fall towards the end of the week.

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

## II. CONCLUSION

Baker respectfully requests that the Court extend the unexpired deadlines set forth above for good cause, as shown herein, pursuant ot LR 26-3.

DATED this 22nd day of July 2026.

**SHEA LARSEN PC**

*/s/ Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
-and-
Alex Lipman, Esq. (*Pro Hac Vice Forthcoming*)
New York Bar No. 02487395
**LIPMAN LAW PLLC**
147 West 25th Street
12th Floor
New York, New York 10001
Telephone: (212) 401-0070
Email: alexlipman@lipmanpllc.com

*Attorneys for Defendant Jefferson Scott Baker*

## ORDER

IT IS SO ORDERED; provided, however, that the parties are reminded to comply with all local rules, including LR IA 6-2 pertaining to stipulations and unopposed motions. Failure to do so in the future may result in striking or denying the parties' filing.

Dated this 22nd day of July, 2026.

UNITED STATED MAGISTRATE JUDGE